## FRANCESCHI *v.* VAILLANT.

### APELACIÓN procedenté de la Corte de Distrito de Ponce.

No. 510.—Resuelto en marzo 20, 1911.

GESTIÓN DE NEGOCIOS EN COMISIÓN—RESPONSABILIDAD DEL COMISIONISTA PARA CON EL COMITENTE.—El comisionista que en el desempeño de su gestión se sujete a las instrucciones recibidas del comitente, quedará exento de toda responsabilidad para con él.

ID.—OBLIGACIÓN DEL COMITENTE.—El comitente está obligado a satisfacer al comisionista, mediante cuenta justificada, el importe de todos sus gastos y desembolsos, con el interés legal desde el día en que los hubiere hecho hasta su total reintegro.

Apelación.—Errores que no afecten los derechos substanciales de las partes, no pueden constituir motivo de revocación de la sentencia apelada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Julio M. Padilla.*

Abogado del apelado: *Sr. Francisco Parra.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Ante la Corte de Distrito del Distrito Judicial de Ponce presentó demanda en 19 de noviembre de 1908, Cándido José Franceschi contra Felipe Vaillant, con súplica de que previos los trámites legales se dictara sentencia condenando al demandado a devolver al demandante la suma de ochocientos dollars con su interés legal, desde el mes de julio de 1907, hasta el día de la devolución, y a pagarle seiscientos dollars más como indemnización de daños y perjuicios, con las costas del pleito a cargo del demandado.

Alega el demandante para fundamentar su acción los siguientes hechos:

1°. Que a fines de julio del año 1907, el demandado, agente de negocios con casa abierta en la Playa de Ponce, se comprometió a encargar, desde luego, a una fábrica de Nueva York una machina o tren de caballitos, que había de entregar al demandante dentro del término usual que son tres meses, por precio convenido de setecientos dollars y cien dollars más para cubrir otros gastos.

2°. Que las dos partidas expresadas, total ochocientos dollars, fueron puestas por el demandante a disposición del demandado en el mes de julio citado.

3°. Que el demandado no entregó al demandante la machina o tren de caballitos, ni le devolvió los ochocientos dollars recibidos, causándole así perjuicios consistentes, no solo en el interés legal de dicha cantidad desde su recibo hasta su devolución, sino en la pérdida del beneficio de seiscientos dollars que hubiera obtenido con la machina dando funciones para el público y ganando cincuenta dollars mensuales durante doce meses de trabajo.

Al contestar la demanda alegó el demandado como primera defensa, que por orden y cuenta del demandante Franceschi había establecido ante corte competente en la ciudad de New York una acción civil contra un señor A. Obregon, agente allí de una fábrica de machinas (*hand power gallery*), para que le entregara uno de esos aparatos que el demandado por orden del demandante había encargado al expresado agente desde el mes de julio de 1907, o en su defecto le devolviera la cantidad de ochocientos dollars que el demandante entregó al demandado con orden de que los girara al Obregon al fin indicado, como así lo hizo, estando aun pendiente de resolución la acción ejercitada.

Como segunda defensa, el demandado negó los hechos 1º. y 3º. de la demanda, y aceptó el 2º., haciendo constar que la cantidad de $800 le fué entragada por el demandante para ser enviada al ya citado A. Obregon de New York, cuya remisión tuvo lugar el 23 de julio de 1907 en un giro de los señores Ramón Cortada. y Ca. Sucs. a cargo de Kountze Bros., banqueros de New York.

Al mismo tiempo el demandado formuló contra-demanda para que el demandante fuera condenado a pagarle la suma de ciento cincuenta y seis dollars noventa y cinco centavos, con el interés legal desde el momento del desembolso de dicha suma.

Los hechos fundamentales de la contra-demanda son los siguientes:

1º. Que hacia el mes de julio de 1907 el demandante solicitó y obtuvo del demandado, comisionista con casa abierta en la Playa de Ponce, sus servicios de tal para que pidiera a un señor A. Obregon, agente de New York de una fábrica de machinas, uno de esos aparatos, cuyo precio de setecientos dollars había fijado de antemano Obregon, con quien venía entendiéndose el demandante, pues era completamente desconocido para el demandado.

2º. Que el demandado se obligó a hacer el pedido por medio de su agencia y a desembarcar y entregar el aparato

. solicitado en el caso de que fuera enviado a esta Isla, habién-.
dole entregado el demandante para ser girada a Obregon la
cantidad de ochocientos dollars, setecientos, precio de la
machina, y ciento para los gastos, cuyo giro hizo en la forma
expresada anteriormente.

3°. Que no habiendo dado cumplimiento Obregon al pedido
que se le había hecho, el demandante ordenó al demandado
que entablase por medio de sus abogados en New York una
acción contra Obregon en reclamación de la machina pedida
o de la cantidad girada, corriendo por cuenta de Franceschi
los gastos del pleito; y en cumplimiento de dicha orden la
acción fué entablada ante una corte competente, estando aún
pendiente la reclamación.

4°. Que con motivo del negocio el demandado ha hecho
desembolsos por cuenta del demandante (en comisión de giro,
cable, poder, abogados) y devengado premios por comisión,
ascendentes a ciento cincuenta y seis dollars noventa y cinco
centavos, que el demandante no ha satisfecho en todo ni en
parte al demandado.

A la contestación del demandado opuso el demandante
como excepciones, la de que la primera y segunda defensa
establecidas en dicha contestación, no exponen hechos sufi-
cientes para constituir una oposición a la demanda, y la de
que la segunda defensa, en la parte relativa a la alegación
segunda de la demanda, es dudosa.

En cuanto a la contra-demanda alegó el demandado que no
aduce hechos suficientes para determinar una causa de acción,
y que la última alegación de la misma es dudosa, por no fijarse
con precisión si la suma de ciento cincuenta y seis dollars que
se reclama comprende únicamente los premios por comisión,
o si también se extiende a los otros desembolsos que se indican.

Las excepciones previas a las dos defensas de la contesta-
ción y a la contra-demanda fueron declaradas sin lugar por
orden de la corte de 24 de febrero de 1909; y entonces, al
contestar Cándido José Franceschi la contra-demanda, negó

todas y cada una de las alegaciones contenidas en el escrito
en que había sido formulada.

Celebrado el juicio, la corte dictó sentencia en 17 de sep-
tiembre de 1909, registrada en 27 de octubre siguiente, cuya
parte dispositiva dice así:

"Y por tanto debe declarar y declara sin lugar la demanda y con
lugar la contra-demanda; y en consecuencia ordena que el demandado
en este pleito señor Felipe Vaillant recobre del demandante señor
Cándido José Franceschi la suma de setenta y cuatro dollars que le
reclama el señor Vaillant en concepto de desembolsos hechos por éste
con motivo del negocio mediado entre ambos y a que se refiere la ac-
ción presente para la compra de una machina de caballitos interesada
por el demandante señor Franceschi, y las gestiones del demandado
Vaillant para que le fuera restituída a éste la suma previamente pa-
gada o la entrega de la machina pedida; pudiéndose dictar en tiempo
si fuere necesario, sin más requisito, orden de ejecución para la efec-
tividad de esta sentencia y el pago de costas causadas en este pleito y
que con tal motivo se conceden, a cuyas costas se condena al deman-
dante señor Franceschi."

Contra esa sentencia interpuso el demandante recurso de
apelación para ante esta Corte Suprema, alegando como mo-
tivos que la corte cometió error al declarar sin lugar la de-
manda con infracción del artículo 264 del Código de Comercio,
que debió aplicar y no aplicó al presente caso, prescindiendo
de la preponderancia de la prueba favorable al demandante, y
que también erró al declarar con lugar la contra-demanda, sin
que el contra-demandante hubiera probado las alegaciones de
ella, infringiendo así el exioma jurídico; "*actore non pro-
bante, reus est absolvendus.*"

No vemos que se haya cometido la infracción del artículo
264 del Código de Comercio.

Las alegaciones de ambas partes combinadas con el resul-
tado de las pruebas, demuestran que Cándido José Franceschi
hizo remesa a Felipe Vaillant de ochocientos dollars, sete-
cientos para pagar el precio de un tren de caballitos que por

cuenta del primero había de encargar a New York el segundo, y cien pesos más para gastos, cuyas partidas recibió Vaillant en el mes de julio de 1907, habiendo girado a New York su montante de ochocientos dollars, que allí fué percibido por A. Obregon, a quien hizo el encargo del expresado tren de caballitos, sin que éste le diera cumplimiento a pesar de haber recibido el dinero.

Que el pedido del tren de caballitos había de hacerse por Vaillant a Obregon, sin que se dejara en libertad a Vaillant para hacerlo a otra persona y que Vaillant recibió los ochocientos dollars para ser remesados, desde luego, a Obregon en pago adelantado del encargo hecho, aparece justificado por el testimonio del mismo Vaillant y de su dependiente Domingo Marrero, por más que Franceschi sostenga en su declaración, que no indicó a Vaillant la persona a quien debía hacer el encargo ni le ordenó que remitiera el dinero a persona alguna, pues se limitó a entregárselo para que hiciera el pedido. En corroboración de los testimonios de Vaillant y de Marrero viene el contenido de la carta que en 23 de julio de 1907 dirigió Vaillant a Obregon haciéndole el pedido del tren de caballitos *en nombre de Franceschi,* y remitiéndole un giro a su favor por valor de ochocientos dollars para cubrir dicho pedido, en cuya carta hace referencia Vaillant a otra de 29 de junio anterior que dirigió Obregon a Franceschi ofreciéndole por setecientos dollars una galería de caballitos, según el tipo del diseño que le enviaba. A la carta de Vaillant a Obregon hay que agregar otra dirigida por Vaillant en 26 de octubre de 1908 a sus agentes en New York, Melchior Armstrong y Dessau, que contiene la siguiente cláusula: *Por lo que pueda serles útil sobre el negocio Obregon que se debate, les diré que el Sr. Franceschi tiene carta de la fábrica que representa el señor referido, en la cual le contestan al hacerles el pedido que se dirigiera a su representante para todo.*

Ante esas cartas y las declaraciones de Vaillant y Marrero

no cabe afirmar como afirma la parte recurrente, que ha sido infringido el artículo 264 del Código de Comercio, que dice así:

"El comisionista que, habiendo recibido fondos para evacuar un encargo, les diere inversión o destino distinto del de la comisión, abonará al comitente el capital y su interés legal, y será responsable desde el día en que los recibió, de los daños y perjuicios originados a consecuencia de haber dejado de cumplir la comisión, sin perjuicio de la acción criminal a que hubiere lugar."

El comisionista Vaillant dió a los ochocientos dollars que le remitió Franceschi, el destino que éste le indicó, enviándolos a Obregon para pago del precio y gastos del tren de caballitos que en nombre de Franceschi le pedía, y al valerse de Obregon para el cumplimiento del encargo y al hacerle la remesa de los ochocientos dollars, se atuvo, según el resultado de las pruebas, a las instrucciones de Franceschi; por lo que, además de no haber sido infringido el artículo citado del Código de Comercio, se ha dado debida aplicación por la corte inferior al 254 del mismo Código, preceptivo de que el comisionista que en el desempeño de su encargo se sujete a las instrucciones recibidas del comitente, quedará exento de toda responsabilidad para con él.

En cuanto a que la corte inferior cometiera error al declarar con lugar la contra-demanda, sin estar justificadas las alegaciones de ella, aparece de las pruebas que Franceschi, en carta de 7 de marzo de 1908, encarecía a Vaillant anulara el pedido del tren de Caballitos, según en carta anterior le había indicado, e hiciera además las gestiones necesarias para que le fuera devuelta la cantidad de ochocientos dollars anticipada para el pedido; que para recuperar dicha cantidad, Vaillant envió a los Sres. Melchior Armstrong y Dessau una orden a cargo de Obregon que fué protestada por falta de pago, según lo comunicó Vaillant a Franceschi en carta de julio 20 de 1908; que en 4 de septiembre del mismo año Vaillant escribió a Franceschi manifestándole que como ya sabía, Melchior Armstrong y Dessau, de New York, eran los encargados de llevar

la acción judicial por medio de sus abogados contra Obregon, y había recibido carta de dichos señores con copia de otra de los abogados, pidiéndole cincuenta dollars para empezar el pleito, como también pedían las copias de cartas de Obregon y su traducción al inglés, cuya traducción estaba ya lista para enviarla por el correo próximo y costaba veinte dollars; que según declara Vaillant, mandó cincuenta pesos a los abogados de acuerdo con Franceschi para el pleito que habían de sostener contra Obregon, pagó al Notario Gustavo Rodríguez cinco dollars para el otorgamiento del poder, y diez y nueve o veinte dollars a Mr. Lee, por la traducción de las cartas; y que examinados Rodríguez y Lee, confirman lo dicho por Vaillant.

De los méritos probatorios expuestos resulta que Vaillant desembolsó por cuenta de Franceschi para gestionar la devolución de los ochocientos dollars remesados a Obregon, cincuenta dollars para abogados, cinco para pago de derechos notariales y diez y nueve para traducción de cartas, cuyas partidas dan el total de setenta y cuatro dollars a cuyo pago es condenado Franceschi a virtud de la reconvención del demandado.

Según el artículo 278 del Código de Comercio, el comitente está obligado a satisfacer al comisionista, mediante cuenta justificada, el importe de todos sus gastos y desembolsos, con el interés legal desde el día en que los hubiere hecho hasta su total reintegro.

Cierto es que la cuenta justificada de esos gastos no ha sido pasada por el comisionista al comitente; pero la falta de esa cuenta se ha suplido por pruebas aportadas al juicio, sin oposición del demandante; y de esas pruebas resulta la obligación de pago que por la sentencia se impone al demandante.

Se ha alegado también como motivo del recurso, que la corte cometió error al dictar la orden de 24 de febrero de 1909, declarando sin lugar las excepciones opuestas a la contestación y a la contra-demanda; pero como ese error, si existió, visto el resultado de las pruebas, no afecta a los derechos sus-

tanciales del demandante, huelga discutirlo, pues no daría lugar a la revocación del fallo, según el artículo 142 del Código de Enjuiciamiento Civil.

Por las razones expuestas, entendemos que procede la confirmación de la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Wolf y del Toro.

Los Jueces Asociados Sres. MacLeary y Aldrey, no intervinieron en la resolución de este caso.